## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEATRICE MCMULLIN<br>112 North 9th Avenue<br>Manville, NJ 08835<br><br>          Plaintiff,<br><br>v.<br><br>SHOPRITE OF HILLSBOROUGH<br>601 Route 206 & Amwell Road<br>Hillsborough Township, NJ 08844<br>    and<br>WAKEFERN FOOD CORP., INC.<br>5000 Riverside Dr.<br>Keasbey, NJ 08832<br>    and<br>VILLAGE SUPERMARKETS OF<br>NEW JERSEY, INC.<br>733 Mountain Avenue,<br>Springfield, NJ 07081<br><br>          Defendants. | **CIVIL ACTION**<br><br>No.: _____<br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Beatrice McMullin (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Shoprite of Hillsborough, Wakefern Food Corp., Inc., and Village Supermarkets of New Jersey, Inc., (*hereinafter* referred to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*), and the New Jersey Law Against Discrimination ("NJ LAD"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under federal law. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

1. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

2. Plaintiff is an adult individual with an address as set forth in the caption.

3. Shoprite of Hillsborough is a grocery store located at the address set forth in the above-caption. Plaintiff was hired through and worked at this address.

4. Wakefern Food Corp., Inc. upon information and belief, owns and operates a group of grocery stores, including but not limited to Shoprite of Hillsborough, with an address as set forth in the above-caption.

5. Village Supermarkets of New Jersey, Inc., upon information and belief, also owns and operates a group of grocery stores, including but not limited to Shoprite of Hillsborough, with an address as set forth in the above-caption.

6. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

7. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is a 60 year old female.

10. Plaintiff was employed to work in the Beauty and Health Department on the overnight shift from in or about December of 2019 until her unlawful constructive termination (as discussed *infra*).

11. During the course of her employment with Defendants, Plaintiff was a hard-working employee who performed her job well.

12. In her role, Plaintiff maintained inventory on the floor, coordinated products, and assisted customers.

13. Plaintiff was primarily supervised by Joe (Last Name Unknown)(Floor Boss)(*hereinafter* referred to as "Joe") and Dave Fulton (*hereinafter* referred to as "Fulton"), as well as Dave Eichlin (Health and Beauty Department Manager)(*hereinafter* referred to as "Eichlin").

14. Shortly after Plaintiff was hired, she was required to work around Anthony Aquino, who is approximately 50 years old, a night time freight stocker (*hereinafter* referred to as "Aquino"), and who upon information and belief had been previously transferred from another of Defendants' stores.

15. Further, upon information and belief, Defendants' were wholly aware from Aquino's prior work location that Aquino had a history of workplace misconduct, but nevertheless continued to keep him employed.

16. Shortly following the start of Plaintiff's employment, Plaintiff was subjected by Aquino to severe and pervasive unwelcomed sexually harassing, offensive, and derogatory comments and actions. Beginning on or about late December, 2019, by way of specific example, but not intended to be an exhaustive list:

   a. Aquino told Plaintiff he wants to knock the bottom out of her;

   b. Aquino told Plaintiff it was his birthday, invited her to IHOP, and that he wanted to make Plaintiff cum and scream;

   c. Aquino told Plaintiff to forget about their spouses, let's have fun;

   d. Aquino told Plaintiff let's fuck each other's lights out; and

e. Aquino would crowd Plaintiff's personal space, lean on and open her car door, and would ask her out in many different ways.

17. As a result, Plaintiff shortly thereafter complained to Defendants' management, including Joe and Fulton, who upon information and belief, relayed the complaints to Defendants' HR and upper-level management, but nothing was done to properly resolve Plaintiff's complaints or properly remedy the situation.[1]

18. Despite Plaintiff's aforesaid objections, Aquino did not stop his sexually harassing and offensive behavior and Plaintiff continued to be subjected to a hostile work environment.

19. Notably, on or about the day following Plaintiff's aforementioned complaints of *inter alia,* sexual harassment, Aquino came into the aisle where Plaintiff was working and confronted her about the complaints that she had made.

20. Although Joe eventually intervened, Aquino later confronted Plaintiff approximately two (2) more times while Defendants' management kept Plaintiff and Aquino working on the same overnight shift.

---

[1] Although Plaintiff expressed opposition and complaints about the sexually harassing behavior she was subjected to, the relevant caselaw exhibits that complaints are not necessary. *See Townsend v. Benjamin Enters.*, 679 F.3d 41, 44 (2d Cir. 2011) (holding where the alleged harasser is sufficiently high ranking in the company so as to be considered an "alter-ego" or "proxy" of the employer, liability is automatic and the *Faragher/Ellerth* defense is unavailable);); *Johnson v. West*, 218 F.3d 725, 730 (7th Cir. 2000) (explaining supervisors are considered sufficiently high rank to qualify as an employer's proxy or alter ego when the supervisor is a president, owner, proprietor, partner, corporate officer, or otherwise highly-positioned in the management hierarchy); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 516 (9th Cir. 2000) (same); *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1232 (10th Cir. 2000) (same); *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152 n.8 (3d Cir. 1999) (recognizing existence of alter-ego theory of liability); *Torres v. Pisano*, 116 F.3d 25, 634-635, and n. 11 (2d Cir.) (same); *Burns v. McGregor Electronic Industries, Inc.*, 955 F.2d 559, 564 (8th Cir. 1992) (same); *Katz v. Dole*, 709 F.2d 251, 255 (4th Cir. 1983) ("Except in situations where a proprietor, partner or corporate officer participates personally in the harassing behavior," an employee must "demonstrat[e] the propriety of holding the employer liable"). In other words, victims of sexual harassment are not required to complain to management where the employer, principal, or owner, and not a coworker or supervisor, is the harasser because the court infers that the employer was, or should have been, aware of the sexual harassment. *See EEOC v. Bryan C. Donohue, M.D., P.C.*, 2011 U.S. Dist. LEXIS 113093, at *69 (M.D. Pa. 2011); *EEOC v. Robert L. Reeves & Assocs.*, 2003 U.S. Dist. LEXIS 24701, *28 (C.D. Calif. 2003).

21. As a result, Plaintiff contacted her union representative, and upon information and belief, Joe and/or Fulton contacted Defendants' HR to complain about Aquino's continued severe harassment of Plaintiff.

22. Furthermore, following Plaintiff's aforementioned complaints, Defendants' upper-level management in or about late January/early February, 2020 began to drastically reduce Plaintiff's hours, disactivated her clock-in card at the Shoprite Hillsborough location, and then removed Plaintiff from the schedule altogether.

23. Although Plaintiff made multiple attempts to contact Defendants' upper-level management as to why her hours were drastically reduced and then was completely removed from the schedule, Plaintiff never received a proper response.

24. Then, instead of terminating Aquino, Defendants' upper-level management and/or HR offered to move Plaintiff to another Shoprite location to a different department, produce, performing a completely different job with a lower pay rate, different work schedule, and more labor and work in a cold area.

25. While Plaintiff had practically no other choice but to accept the position at the alternative location working a completely different job with a lower pay rate because Defendants' management/HR refused to transfer and/or fire Aquino, it quickly became clear to Plaintiff that there was no work for her to perform.

26. Notably, when Plaintiff showed up to the alternative location, the management at that location was surprised that Plaintiff reported for work, her clock-in card did not work for that location, and although Defendants' management initially informed Plaintiff that she would be able to work the same hours that she did at the Shoprite Hillsborough location, that was ultimately not the case making it so Plaintiff had no choice but resign her employment.

27. Therefore, Plaintiff was constructively terminated from the Shoprite Hillsborough location after complaining about the gender/sex discrimination, sexual harassment, and hostile work environment that she had been subjected to.

28. Plaintiff believes and therefore avers that she was subjected to a hostile work environment, and constructively terminated in retaliation for complaining of discrimination and sexual harassment (as discussed *supra*).

### COUNT I
### Violations of Title VII
### ([1] Gender/Sex Discrimination; [2] Sexual Harassment; [3] Hostile Work Environment; and [4] Retaliation)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. During her tenure with Defendant, Plaintiff was subjected to severe and pervasive sexually harassing and derogatory comments by Aquino, as noted in detail *supra,* such that she was subjected to a hostile work environment.

31. In close proximity to Plaintiff's aforementioned complaints of discrimination and sexual harassment, Plaintiff was constructively terminated.

32. These actions as aforesaid constitute unlawful violations under Title VII.

### Count II
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### ([1] Gender/Sex Discrimination; [2] Sexual Harassment; [3] Hostile Work Environment; and [4] Retaliation)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. During her tenure with Defendant, Plaintiff was subjected to severe and pervasive sexually harassing and derogatory comments by Aquino, as noted in detail *supra,* such that she was subjected to a hostile work environment.

35. In close proximity to Plaintiff's aforementioned complaints of discrimination and sexual harassment, Plaintiff was constructively terminated.

36. These actions as aforesaid constitute unlawful violations under NJLAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (and to compensate Plaintiff for lost use of income);

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
David N. Korsen, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  September 21, 2020